UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
:
GURPEET SINGH, :
:
Petitioner, :
: 20-CV-9089 (JPC)
-v- :
: ORDER
THOMAS DECKER, New York Field Office Director for :
U.S. Immigration and Customs Enforcement, et al., :
:
Respondents. :
:
-----------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/8/2020

JOHN P. CRONAN, United States District Judge:

Petitioner, proceeding *pro se*, filed the instant petition under 28 U.S.C. § 2241 on October 29, 2020.  (Dkt. 2).   On the same day, Petitioner requested to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, (Dkt. 1), and requested that the Court assign him *pro bono* counsel (Dkt. 3).   Petitioner's request for *pro bono* counsel cites to the Federal Rules of Appellate Procedure and Second Circuit local rules.   (*Id.*)   Construing the *pro se* Petitioner's filing liberally, *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006), the Court considers Petitioner's filing as a request for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B).   For reasons that follow, the Clerk of Court is respectfully directed to appoint Petitioner counsel from this District's Habeas Panel.

## LEGAL STANDARD

The Criminal Justice Act ("CJA") provides that "whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241[.]" § 3006A(a)(2)(B).   When exercising discretion whether to appoint counsel under this provision, Courts consider "the same factors as

those applicable to requests for *pro bono* counsel made by civil litigants." *Jerez v. Bell*, No. 19 Civ. 2385 (CM), 2019 WL 1466899, at *4 (S.D.N.Y. Apr. 2, 2019).  Petitioner must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*.  Next, as a threshold matter, the Court must determine "whether the indigent's position seems likely to be of substance" and "appears to have some chance of success."  *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986); *see also McGrigg v. Killian*, No 8 Civ. 6238 (DCF), 2009 WL 536048, at *1 (S.D.N.Y. Feb. 26, 2009).  Once the threshold inquiry is made, Courts consider other factors, such as "[t]he complexity of the legal issues and the movant's ability to investigate and present the case."  *Bell*, 2019 WL 1466899 at *4 (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge*, 802 F.2d at 61-62 (2d Cir. 1986)).

## DISCUSSION

On November 6, 2020, the Court granted Petitioner's Request to Proceed *in Forma Pauperis*.  (Dkt. 6).  Petitioner therefore qualifies as indigent.

First, the Court finds that issues in the instant petition are "likely to be of substance." *Hodge*, 802 F.2d, at 61-62.  On November 30, 2020, the Government, as Respondent, filed a motion to dismiss or transfer.  (Dkt. 9).  The Government argues that this Court is not the proper forum for this petition.  Respondents' Memorandum of Law in Support of Their Motion to Dismiss or Transfer the Case to the District of New Jersey, Dkt. 11, at 1 ("Motion to Dismiss or Transfer").  According to the Government, only the District of New Jersey has jurisdiction over this petition as Petitioner was physically detained in New Jersey at the time of filing.  (*Id.* at 5.)  To support its position, the Government states that the majority of judges in this District have held that a habeas challenge must be presented to the district of present detention.  (*Id.* at

12-14.) The petition, however, alleges that the immediate custodians with legal control over Petitioner are the officials located in this District, and therefore this District has jurisdiction over the challenge to Petitioner's detention. Petition ¶ 4. As the Government points out in their brief, several Courts in this District have sided with Petitioner on this issue. Motion to Dismiss or Transfer at 14-21. Moreover, an indigent petitioner requesting counsel must meet only a low threshold of potential merit. *See Hendricks v. Couhglin*, 114 F.3d 390, 393-94 (2d Cir. 1997). The Court therefore finds that the issue is one of substance, and Petitioner has "some chance of success," *Hodge*, 802 F.2d at 61, on his argument concerning whether the Court may hear this petition.

The rest of the *Hodge* factors weigh in favor of granting Petitioner his request for CJA counsel. The issue raised in the instant action are undoubtedly complex, as reflected by the split within this District. Petitioner's ability to investigate and present the case militate toward granting the request, as restrictions enacted due to the COVID-19 virus are impeding his access to the library at the place of his detention. Petition ¶ 29. Finally, the Court can consider "[a]ny special reason in [the action] why appointment of counsel would more likely lead to a just determination." *Hodges*, 802 F.2d at 62. The Court finds that appointing counsel for an indigent *pro se* petitioner is especially appropriate when the legal issue at dispute is unsettled within the Circuit.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to appoint counsel for Petitioner from this District's Habeas Panel.

The Clerk of Court is further directed to mail a copy of this Order to Petitioner.

SO ORDERED.

Dated: December 8, 2020
New York, New York

JOHN P. CRONAN
United States District Judge